UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:17-CR-15-TLS |
| | ) | |
| STARR CARTER | ) | |

**OPINION AND ORDER**

The Defendant, Starr Carter, is awaiting sentence after pleading guilty to bank robbery and aiding and abetting, violations of 18 U.S.C. § 2113(a) and 18 U.S.C. § 2. An officer with the United States Probation Office prepared a Presentence Investigation Report (PSR) in anticipation of the Defendant's sentencing. The Defendant has objected that the calculation of her Guideline range does not include a minor role reduction. The Government responded that no role reduction was warranted, citing the respective ages, criminal histories, and post-arrest behaviors of the three bank robbery participants, which included the Defendant, Kayla Johnson, and Byron Curry.

The Court conducted an evidentiary hearing. Both the Defendant and Johnson testified, as did Johnson's father. Having considered all the evidence, and observing the demeanor of the witnesses, as well as the accuracy of their testimony in light of other evidence in the record, and their reasons to lie or slant testimony, the Court now sustains the objection. It is noted that the Government, in its post hearing Sentencing Memorandum [ECF No. 144], has "withdrawn its objection to the imposition of a minor role reduction." Nevertheless, in the interest of providing a complete record, and because the Court must accurately calculate the advisory Guideline range, the Court offers this written Opinion.

The Guideline provision at issue, § 3B1.2, provides for a 2, 3, or 4-level reduction in the offense level if more than one participant was involved in the offense, U.S.S.G. § 3B1.2, cmt.

n.2., and the defendant played a mitigating role. A defendant is considered a minimal participant—entitled to a 4-level reduction—if she is "plainly among the least culpable of those involved in the conduct." U.S.S.G. § 3B1.2 cmt. n.4. Among the least culpable are those who lack knowledge or understanding of the scope and structure of the enterprise and of the activities of others. *Id.* By comparison, a minor role adjustment of 2 points is appropriate if the defendant is "substantially less culpable than the average participant," but whose role could not be described as minimal. U.S.S.G. § 3B1.2, cmt. n.3(A) & n.5; *United States v. Haynes*, 582 F.3d 686, 709 (7th Cir. 2009). If a defendant falls between minimal and minor, a reduction of 3 points is appropriate. U.S.S.G. § 3B1.2.

The defendant bears the burden of demonstrating, by a preponderance of the evidence, that she is entitled to a role reduction. *Haynes*, 582 F.3d at 709. The Court must evaluate the Defendant's role "in context of the other participants in the scheme, keeping in mind that a minor [or minimal] player is substantially less culpable than the average participant, not the leaders. *United States v. Leiskunas*, 656 F.3d 732, 739 (7th Cir. 2011) (citing *United States v. Sorich*, 523 F.3d 702, 717 (7th Cir. 2008)); *see also United States v. Gallardo*, 497 F.3d 727, 741 (7th Cir. 2007) (holding that when assessing whether a defendant is entitled to a role reduction, her role "should be compared to that of the average member of the conspiracy, not with the leaders").

The record is sufficient to find that the Defendant is entitled to some reduction in her offense level for her mitigating role. The Court finds the Defendant to have been a credible witness when describing the events leading up to, during, and after the robbery, including the respective roles of each participant. To the extent the robbery involved planning or organizing, it

was not undertaken by the Defendant, but by Curry, who had a particular bank in mind based on his prior observations. He did not tell the Defendant which bank he had targeted, but asked her to drive for the robbery. When the Defendant discussed Curry's request with Johnson, Johnson declared that she was going with the Defendant to meet Curry for the robbery. The next day, Curry directed the Defendant where to meet him, and then directed her to the bank. When the time came to make decisions regarding entry into the bank, those decisions were made by Curry and Johnson, with the Defendant having little to no influence or decision-making authority. The Court credits the Defendant's testimony that Johnson got masks and gloves from a drug store to use in the robbery, and discredits Johnson's testimony that these items were already in the car and that she did not even know the plan was to rob a bank. The Defendant's action inside the bank, likewise, reveal a diminished role compared to those of her co-Defendants. The Defendant is entitled to a two-level reduction pursuant to U.S.S.G. § 3B1.2(b).

## CONCLUSION

For the reasons stated above, the Court SUSTAINS the Defendant's objection to the PSR. The probation officer is directed to revise the PSR in accordance with the Court's ruling. The Telephonic Sentencing Status Conference set for September 13, 2018, and the sentencing set for September 25, 2018, are confirmed.

SO ORDERED on July 30, 2018.

        s/ Theresa L. Springmann  
        CHIEF JUDGE THERESA L. SPRINGMANN  
        UNITED STATES DISTRICT COURT