UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:17-CR-15-HAB |
| | ) | |
| STARR CARTER | ) | |

**OPINION AND ORDER**

On October 8, 2020, Defendant filed a Motion Requesting Judicial Recommendation Immediate Release and Compassionate Release (sic) (ECF No. 215)[1]. The motion was referred to the Federal Community Defender to consider representing Defendant, and the FCD declined. (ECF Nos. 216, 217). The Government has filed a Response (ECF No. 222) and this matter is now ripe for review.

**A.    Factual Background**

Defendant was indicted on a single count of committing, aiding and abetting bank robbery in violation of 18 U.S.C. § 2113(a). The charge arose out of a bank robbery committed with two accomplices, netting approximately $9,000. But, because Defendant and her accomplices have apparently never seen a bank robbery movie, a dye pack detonated spoiling their take. Defendant pled guilty and was sentenced to a term of 37 months' imprisonment with one year of supervised release to follow. Defendant is currently housed at FCI Hazelton with an expected release date of August 25, 2021.

---

[1] Defendant filed two previous motions to shorten her prison sentence (ECF Nos. 191, 203), both of which were denied. (ECF Nos. 197, 206).

**B.    Legal Discussion**

**1.    *Extraordinary and Compelling Reasons***

Defendant's Motion requests a sentencing modification. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which permits the court to reduce a sentence based on a retroactively applicable amendment to the sentencing guidelines that lowers the defendant's guideline range. 18 U.S.C. § 3582(c)(2). Another allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A).

Defendants request is one for compassionate release pursuant to § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

(1) in any case --

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction …
>
> … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because the Defendant, not the Director of the BOP, filed the motion, the Government asserts that the Defendant must first demonstrate that she meets the statutory exhaustion requirement to proceed further. Here, there is a dispute as to whether Defendant exhausted her remedies with the warden of her prison facility. "Two questions are presented by this issue, namely whether the exhaustion requirement is jurisdictional and whether, if not jurisdictional, the

exhaustion requirement is waivable over the government's objection." *United States v. Council*, No. 1:14-CR-14-5-TLS-SLC, 2020 WL 3097461, at *4 (N.D. Ind. June 11, 2020).

This Court has previously held that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional, *see United States v. Hayden*, No. 1:07-CR-68-HAB, 2020 WL 2079293, at *1 (N.D. Ind. Apr. 30, 2020), relying on the Seventh Circuit's decision in *United States v. Taylor*, 778 F.3d 667, 670 (7th Cir. 2015); *United States v. Santiago*, No. 2:16-CR-174-JVB-JEM, 2020 WL 3396899, at *2 (N.D. Ind. June 19, 2020) ("Because Congress did not mark the exhaustion requirement as jurisdictional, the Court finds that it is non-jurisdictional."); *United States v. Cox*, No. 4:18-cr-17-TWP-VTW-1, 2020 WL 1923220, at *3 (S.D. Ind. Apr. 21, 2020). The Seventh Circuit has recently weighed in on the issue, confirming this Court's approach. *United States v. Gunn*, --- F.3d ---, *1 (7th Cir. Nov. 20, 2020). Thus, the Defendant's motion is properly adjudicated in this Court regardless of whether she has or has not completed the statutory exhaustion process.

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes, in line with the statutory directive in § 3582(c)(1)(A), requires a court to make several findings.

First, the court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). To this end, a court is to consider the medical condition of the defendant, her

age, hher family circumstances, and whether there exists in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the Application Notes. Second, the Court must determine whether the Defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Additionally, when the Defendant moves for a reduction based on COVID-19, Courts have also considered: (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, and (3) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic. *See Council*, 2020 WL 3097461, at *5–7; *United States v. Barrett*, No. 2:17-CR-1, 2020 WL 3264112, at *3 (N.D. Ind. June 17, 2020); *see also United States v. Davis*, No. 2:19-CR-74-3, 2020 WL 1951652, at *1–2 (N.D. Ind. Apr. 23, 2020) (applying similar factors to consider whether there was a "compelling reason" for pretrial release due to the COVID-19 pandemic). In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *See Council*, 2020 WL 3097461, at *5; *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D.Ill. May 12, 2020). !

Defendant's case is easily adjudicated, as she alleges no basis other than the mere existence of COVID in her motion. This is not grounds for compassionate release. *United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

4

Defendant cites the conditions at FCI Hazelton as a basis for relief, but the Court cannot agree. As of the date of this Opinion and Order, FCI Hazelton had only three reported infections among inmates.[2] There is no reason to believe that Defendant would be any safer in the general population than she would be at a facility where infection rates are so low. *See, Melgarejo*, 2020 WL 2395982, at *3 ("[A] prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus.").

Moreover, the Government's brief cites ongoing efforts by the Bureau of Prisons to take serious and substantial steps to reduce the spread of COVID-19 within its facilities. *See* Federal Bureau of Prisons, COVID-19 Action Plan: Phase Seven (posted on May 20, 2020), https://www.bop.gov/resources/news/20200520_covid-19_phase_seven.jsp (last visited September 1, 2020); see also, BOP COVID-19 Modified Operations Plan, https://www.bop.gov/coronavirus/covid19_status.jsp. The minimal number of cases at this institution is a testament to the BOP's mitigation and safety efforts. In light of the foregoing, the Court does not find that Defendant has demonstrated extraordinary or compelling circumstances supporting his release.

**2.      *§ 3553(a) Factors***

Even if the Court did find extraordinary and compelling circumstances, it would still deny Defendant's request for relief. As the Government's brief details, Defendant has failed to comply with probation requirements following either of her state felony convictions. Her felonies have escalated to the instant offense. Her conduct, then, is only getting worse as time progresses. This

---

[2] https://www.bop.gov/coronavirus/

history was correctly considered when Defendant was sentenced originally, and the Court sees no reason to depart from the sentencing decision that was reached. A reduction to time served, which would cut nearly a year off Defendant's sentence, would undermine the purposes of sentencing.

**C.     Conclusion**

For the foregoing reasons, Defendant's motion (ECF No. 215) is DENIED.

SO ORDERED on November 24, 2020.

                                      s/ *Holly A. Brady*
                                      JUDGE HOLLY A. BRADY
                                      UNITED STATES DISTRICT COURT